**Thomas Lee HAYES,
Petitioner-Appellant,**

v.

**Henry E. COWAN, Superintendent,
Respondent-Appellee.**

**No. 75–1266.**

United States Court of Appeals,
Sixth Circuit.

Argued April 1, 1976.

Decided May 14, 1976.

---

John Tim McCall, Louisville, Ky., Jack Emory Farley, Public Defender, Commonwealth of Ky., David E. Murrell, Frankfort, Ky., for petitioner-appellant.

Ed W. Hancock, Atty. Gen. of Ky., Guy Shearer, Asst. Atty. Gen., Frankfort, Ky., for respondent-appellee.

Before EDWARDS, McCREE and LIVELY, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of a petition for writ of habeas corpus entered by the United States District Court for the Western District of Kentucky. The decision was made without a hearing but on a quite comprehensive trial court record.

The significant appellate issue is appellant's claim that his rape conviction should be invalidated because the complaining witness on the night of the rape, in the early morning hours, viewed him in a lineup consisting of only three men and without an attorney present.

This court has no doubt that a three-man lineup without counsel present represents an identification procedure which is incon-sistent with the due process requirements as outlined in the *Stovall-Wade-Gilbert* trilogy, *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

Nonetheless, under the principles of those cases alone, it appears to this court, as it did to the District Judge, that there was ample basis for an independent identification of the defendant in the testimony here involved.

On the afternoon preceding this crime, the victim testified that two men wearing the uniform of a particular trucking company came to the door of her home seeking an opportunity to use the telephone because the truck had broken down. The man she subsequently was to identify as her assailant in this case asked for a drink of water, and somewhat to her then concern, looked around the house, entering various of its rooms. She subsequently testified at trial that she distinctly remembered that one of the two men who entered her house that afternoon had bushy hair and a very scraggly goatee.

At midnight she was awakened by a hand on her throat. She testified that the night light allowed her to see her assailant's features and she immediately identified him as the man with the goatee who had been in her house that afternoon.

When police officers arrived on her call, she told them that she had been raped and knew the identity of her assailant because he had been there the preceding afternoon. She gave a detailed description of him, along with the name of the trucking company by which he was employed. These factors and others in this record mitigate strongly against any possibility of misidentification as a result of the inadequate lineup at which she subsequently identified appellant after his arrest. In our view any error in admission of the lineup evidence was harmless beyond reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Under the standards of the trilogy above, to say nothing of the totality of circumstances test outlined in *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), we affirm the judgment of the District Court.[1]

---

1. We note but do not need to decide in this case the issue dealt with by the Second Circuit in *Brathwaite v. Manson,* 527 F.2d 363 (2d Cir. 1975), *cert. granted,* —— U.S. ——, 96 S.Ct. 1737, 48 L.Ed.2d 202, 44 U.S.L.W. 3624 (May 3, 1976).